**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 19-cv-00969-REB-KMT

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KEVIN D. TEBEDO,
LORETTA J. TEBEDO, and
EL PASO COUNTY, COLORADO,

    Defendants.

## ORDER GRANTING SUMMARY JUDGMENT

**Blackburn, J.**

The matter before me is the **United States' Motion for Summary Judgment Against Kevin and Loretta Tebedo** [#106],[1] filed September 1, 2020.  I grant the motion.

### I.  JURISDICTION

I have jurisdiction over this matter under 26 U.S.C. § 7402 (enforcement of the internal revenue laws) and 28 U.S.C. §§ 1340 (enforcement of acts of Congress providing for internal revenue) and 1345 (suits commenced by the United States).

### II.  STANDARD OF REVIEW

Summary judgment is proper when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  **FED. R. CIV. P.** 56(a);

---

[1] "[#106]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Farthing*, 39 F.3d at 1134.

As the party which will bear the burden of proof at trial, the movant must submit evidence to establish every essential element of its claims. *See In re Ribozyme Pharmaceuticals, Inc. Securities Litigation*, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1315 (1995). All the evidence must be viewed in the light most favorable to the party opposing the motion. *Simms v. Oklahoma ex rel. Department of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S.Ct. 53 (1999).

### III.  ANALYSIS

This lawsuit arises from defendant Kevin Tebedo's longstanding efforts to avoid payment of federal income taxes. Despite running a profitable roofing business (Western Roofing Specialists, LLC ("Western Roofing")), Mr. Tebedo did not file federal income tax returns and paid no federal income tax from 2000 through 2011. Instead, he

sent various iterations of sovereign-citizen and tax-defier correspondence to the Internal Revenue Service claiming he was not subject to federal taxes and recorded documents with the El Paso County recorder purporting to establish this claimed exemption.[2]  (***See* Motion App.**, Exh. 2 (Olson Decl.) ¶¶ 11-12 & Exhs. 3 & 4.)

In early 2012, shortly after being contacted by an agent from the IRS Criminal Investigation Division, Mr. Tebedo suddenly reversed course, claiming he had "elected to become a taxpayer," and submitted federal income tax returns for tax years 2007 through 2011.  In 2013, he filed a tax return for the 2012 tax year.  Based on those returns, the IRS assessed taxes against Mr. Tebedo, along with penalties and interest for the late-filed returns.  However, a subsequent audit revealed substantial income tax deficiencies for those years, as well as various penalties owing.  (**Motion App**., Exh. 2 (Olson Decl.) ¶¶ 16-17.)  In particular, Mr. Tebedo had diverted income derived from his roofing business to a sham entity and a family member.  (**Motion App**., Exh. 2 (Olson Decl.) ¶¶ 18-20.)[3]

---

[2]  The genesis and beliefs of the sovereign citizen movement are more thoroughly explained in ***United States v. Nissen***, 2020 WL 1929526 at *21 (D.N.M. April 21, 2020).  The IRS has catalogued and refuted the various arguments which make up the so-called tax-defier movement, of which the Tebedos' arguments represent but one strain.  (Internal Revenue Service, *The Truth About Frivolous Tax Arguments* (available at:  https://www.irs.gov/privacy-disclosure/the-truth-about-frivolous-tax-arguments-introduction) (last accessed:  November 30, 2020).  The Tenth Circuit has long found such arguments to be "completely lacking in legal merit and patently frivolous."  ***Lonsdale v. United States***, 919 F.2d 1440, 1448 (10th Cir. 1990).  ***See also Scott v. Commissioner of Internal Revenue***, 696 Fed. Appx. 928, 929 (10th Cir. 2017); ***Charczuk v. Commissioner of Internal Revenue***, 771 F.2d 471, 472-74 (10th Cir. 1985).

[3]  Mr. Tebedo set up an entity called Five Arrows Management Trust, which he claimed was the sole owner of Western Roofing.  Mr. Tebedo claimed, falsely, that he was merely an independent contractor hired by Five Arrows.  He then caused Western Roofing to write large checks, purportedly representing money payable to Five Arrows, to a family member, Adolfo Ramirez.  Mr. Ramirez subsequently deposited the checks in a bank account maintained solely for the benefit of Mr. Tebedo and his family.

On November 5, 2014, the IRS issued Mr. Tebedo a Notice of Deficiency for tax years 2007 through 2012 which, together with penalties and interest, totaled nearly $3 million. (**Motion App**., Exh. 2 (Olson Decl.) ¶ 21 & Exh. 5.)  Mr. Tebedo filed a petition in the Tax Court challenging that assessment,[4] and the case was called for trial in January 2016.  Although Mr. Tebedo knew the Tax Court would have an official court reporter to transcribe the proceedings, for reasons known only to himself, Mr. Tebedo "feared that the official record would not be true or accurate" and therefore sought to have a court reporter hired by him transcribe the proceedings.  (Tebedo Affidavit, attached as Exh. 2 to **Defendants' Motion To Dismiss** [#34], filed August 14, 2019.)

Mr. Tebedo has argued repeatedly, including in response to this motion, that the reasons for and validity *vel non* of the Tax Court's decision not to permit this privately retained reporter to transcribe the proceedings are determinative of this case. Regardless of the dubious merits of these arguments, they are completely beside the point.  The only salient fact is that despite the government attorney's suggestion that he appear and present his issue with the court reporter to the Tax Court, and her warning that she would move to dismiss the case if he chose not to appear, Mr. Tebedo elected to absent himself from the Tax Court proceedings.  (Tebedo Affidavit, attached as Exh. 2 to **Defendants' Motion To Dismiss** [#34], filed August 14, 2019.)  Predictably, therefore, the Tax Court dismissed his petition for want of prosecution, and the Tenth Circuit affirmed that decision.  ***See Tebedo v. Commissioner***, 676 Fed. Appx. 750, 751-52 (10th Cir. Jan. 13, 2017).

---

[4] Mr. Tebedo's arguments in support of his petition reiterated many of the same frivolous tax-defier arguments on which he had relied in refusing to pay federal income taxes beginning in 2000.  (***See* Motion App**., Exh. 6 at 3-5.)

4

By this lawsuit, the IRS now seeks to collect on Mr. Tebedo's assessed income tax deficiencies, plus additional penalties and interest which have accrued in the interim, which as of September 1, 2020, now amount to more than $4.1 million.  (**See Motion App.**, Exh. 2 (Olson Decl.) ¶ 8 at 3 & Exh. 5.)  The IRS recorded Notices of Federal Tax Lien against Mr. Tebedo, as well as against his wife, defendant Loretta Tebedo, as nominee of Mr. Tebedo, in El Paso County, Colorado.  (**Motion App.**, Exhs. 9 & 10.)  In addition, the IRS seeks an order allowing it to foreclose its liens on the Tebedos' home in Colorado Springs, Colorado, in partial payment of Mr. Tebedo's delinquent taxes.  It maintains that Mr. Tebedo's 2002 conveyance by quitclaim deed of the property to Mrs. Tebedo was fraudulent and that Mrs. Tebedo was simply a nominee who held title for the benefit of Mr. Tebedo as part of his effort to avoid payment of taxes.

The government bears the burden to prove the validity of the tax assessments at issue.  "[T]he government generally establishes a prima facie case when it shows a timely assessment of the tax due, supported by a minimal evidentiary foundation, at which point a presumption of correctness arises."  **United States v. McMullin**, 948 F.2d 1188, 1192 (10th Cir. 1991).  That evidentiary foundation "may consist of evidence linking the taxpayer with an income-producing activity such that it can be inferred that the taxpayer received income from the activity, or it may consist of evidence showing an ownership interest in assets possessed by the taxpayer."  **United States v. Nipper**, 3 Fed. Appx. 882, 883-84 (10th Cir. Feb. 8, 2001).  This presumption will permit judgment in the [government's] favor unless the opposing party produces substantial evidence overcoming it."  **McMullin**, 948 F.2d at 1192.  **See also United States v. Brown**, 348

F.3d 1200, 1207 (10th Cir. 2003) (taxpayer bears burden of establishing error in IRS's determination of tax due).

Here, the government has documented the assessments at issue with IRS Forms 4340 (Certificate of Payments, Assessments, and Other Specified Matters) (**Motion App.**, Exh 2 (Olson Decl.) ¶¶ 4-8 & Exh. 4), which carry a presumption of correctness and are routinely used to prove a valid tax assessment has been made, **Ford v. Pryor**, 552 F.3d 1174, 1178-79 (10th Cir. 2008); **March v. IRS**, 335 F.3d 1186, 1188 (10th Cir. 2003), **cert. denied**, 124 S.Ct. 2110 (2004).[5] These forms are sufficient proof of the amount of taxes owed and that assessment was made in the manner prescribed by law. **Long v. United States**, 972 F.2d 1174, 1181 (10th Cir. 1992); **United States v. Martens**, 2016 WL 1212704 at *4 (D. Colo. Feb. 23, 2016), **adopted**, 2016 WL 1182754 (D. Colo. Mar. 28, 2016), **judgment entered** (D. Colo. April 1, 2016).

The government thus is entitled to a presumption of correctness as to the tax assessments at issue, which will permit judgment in its favor unless Mr. Tebedo produces substantial evidence showing an error in the IRS's determination of the tax due.[6] **McMullin**, 948 F.2d at 1192; **Brown**, 348 F.3d at 1207. He has not even attempted to meet this burden, or even to address the issues raised by the government's motion for summary judgment. Instead, his response to the motion

---

[5] Forms 4340 are considered to be self-authenticating government records. **See United States v. Goodman**, 2012 WL 3150534 at *5 (D. Colo. June 12, 2012), **adopted**, 2012 WL 3155824 (D. Colo. Aug. 2, 2012), **aff'd**, 527 Fed. Appx. 697 (10th Cir. 2013).

[6] Because the Tebedos are proceeding pro se, I have construed their pleadings liberally and held them to a less stringent standard than formal pleadings drafted by attorneys. **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

simply rehashes the same jejune arguments regarding the Tax Court judge's decision to exclude the private court reporter which this court has already determined are claim precluded.  (*See* **Order Overruling Objections to and Adopting Recommendation of United States Magistrate Judge** at 2-3 [#81], filed January 10, 2020; **Order** at 1-2 [#87], filed February 4, 2020; **Order Denying Motion for Reconsideration** at 2-3 [#88], filed February 4, 2020.)  The characterization of these arguments as an affirmative defense does not alter these prior determinations, which I previously have noted also are now law of the case.  (**Order** at 2 [#87], filed February 4, 2020.)  I thus decline to revisit these arguments yet again, except to note that because the Tax Court's dismissal operates as an adjudication on the merits, *see* **TAX CT. RULE** 123(d), Mr. Tebedo has waived any argument as to amount of taxes owed, *Tebedo*, 676 Fed. Appx. at 752 & n.3.

For these reasons, the government has provided sufficient evidence that Mr. Tebedo is liable for the taxes assessed against him for the years 2007 through 2012 (**Motion App.**, Exh. 1), together with the interest and penalties accrued through September 1, 2020 (**Motion App.**, Exh. 5), as well as additional interest and penalties accruing thereafter until paid in full.

Under 26 U.S.C. § 6321, the failure to pay a tax after notice and demand gives rise to a lien in favor the United States which attaches to "all property and rights to property, whether real or personal, belonging to such person."[7] "The statutory language

---

[7] The lien attaches also to any property interest subsequently acquired by the taxpayer while the lien is in force. ***Glass City Bank v. United States***, 326 U.S. 265, 267-68, 66 S.Ct. 108, 110, 90 L.Ed.2d 56 (1945).

'is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have.'" ***Holman v. United States***, 505 F.3d 1060, 1065 (10th Cir. 2007) (quoting ***Drye v. United States***, 528 U.S. 49, 56, 120 S.Ct. 474, 480,145 L.Ed.2d 466 (1999)) (internal citation and quotation marks omitted). The lien is perfected on assessment and further action need not be taken. ***United States v. Vermont***, 377 U.S. 351, 35, 84 S.Ct. 1267, 1268, 12 L.Ed.2d 370 (1964); ***Martens***, 2016 WL 1212704 at *6. Pursuant to 26 U.S.C. § 7403, the United States may file an action to enforce such a lien against any property in which the taxpayer has an interest.

The government here seeks to foreclose on its lien against the Tebedos' home. The Tebedos purchased the home as joint tenants in 1992. (**Motion App.**, Exh. 13.) In 2002, Mr. Tebedo executed and recorded a quitclaim deed transferring his interest in the property to Mrs. Tebedo. (**Motion App.**, Exh. 14.) The government maintains that Mrs. Tebedo is no more than a "nominee" and that Mr. Tebedo continues to exercise and enjoy all the rights of ownership associated with the property, and thus the government's lien against his interest in the property may be foreclosed to satisfy his tax debts. I agree.

A federal tax lien attaches to property in which the taxpayer retains beneficial ownership even though the property ostensibly is held by a "nominee." ***See G.M. Leasing Corp. v. United States***, 429 U.S. 338, 350-51, 97 S.Ct. 619, 627-28, 50 L.Ed.2d 530 (1977); ***United States v. Miller Brothers Construction Co.***, 505 F.2d 1031, 1036 (10th Cir. 1974). The Tenth Circuit has enumerated a number of factors which courts should consider in determining whether property belonging to the taxpayer

is being held by a mere nominee:

> (1) whether inadequate or no consideration was paid by the nominee; (2) whether the property was placed in the nominee's name in anticipation of a lawsuit or other liability while the transferor remains in control of the property; (3) whether there is a close relationship between the nominee and the transferor; (4) whether they failed to record the conveyance; (5) whether the transferor retained possession; and (6) whether the transferor continues to enjoy the benefits of the transferred property.

*Holman*, 505 F.3d at 1065 n.1.  By "[f]ocusing on the relationship between the taxpayer and the property, the [nominee] theory attempts to discern whether a taxpayer has engaged in a sort of legal fiction, for federal tax purposes, by placing legal title to property in the hands of another while, in actuality, retaining all or some of the benefits of being the true owner."   *Martens*, 2016 WL 1212704 at *6 (citation and internal quotation marks omitted; alterations in original).

It is patently clear that Mrs. Tebedo is Mr. Tebedo's nominee with respect to the home.  All the *Holman* factors, with the exception that the conveyance was recorded, point inexorably toward this conclusion.  The Tebedos both have admitted that the transfer by quitclaim deed to Mrs. Tebedo was made for no consideration in anticipation of litigation or other liabilities at a time when Mr. Tebedo as not paying federal income taxes and thus had outstanding tax debts. (**Motion App.**, Exh. 11 ¶¶ 9, 11-13; Exh. 12 ¶¶ 1, 3-5.)[8]  Nevertheless, Mr. Tebedo has continued to live at the property continuously

---

[8] The Tebedos failed to answer the government's Requests for Admissions, and the magistrate judge thus properly deemed all matters asserted therein admitted.  (**See Courtroom Minutes** at 2 [#110], filed September 22, 2020.)  *See also* FED. R. CIV. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."); *Raiser v. Utah County*, 409 F.3d 1243, 1246 (10th Cir. 2005).

since that time and has unfettered access to the home.  He maintains the utilities and home insurance in his name and contributes to paying those expenses.  (**Motion App.**, Exh. 11 ¶¶ 19-20; Exh. 12 ¶¶ 11-12; Exhs. 15-17, 19.)  He also pays other household expenses such as the mortgage, property taxes, and maintenance.  (**Motion App.**, Exh. 11 ¶¶ 17-18, 21; Exh. 12 ¶¶ 9-10, 13.)[9]  I thus find and conclude that Mr. Tebedo is the true owner of an undivided one-half interest in the property.

That property otherwise subject to a federal tax lien is held by a nominee who also has an interest in the property does not prevent foreclosure of the lien.  Indeed, the court retains discretion to foreclose the lien on the entire property, on only the taxpayer's interest, or not at all.  ***United States v. Eaves***, 499 F.2d 869, 871 (10th Cir. 1974); ***United States v. Morgan***, 554 F.Supp. 582, 587–88 (D. Colo. 1982).  Even so, there are only a "fairly limited set of considerations" which warrant the court in denying a forced sale of the whole, "keeping in mind the Government's paramount interest in prompt and certain collection of delinquent taxes."  ***United States v. Rodgers***, 461 U.S. 677, 710-11, 103 S.Ct. 2132, 2151-52, 76 L.Ed.2d 236 (1983).

My consideration of these factors leads me to conclude that the government is entitled to foreclose its lien against both Mr. and Mrs. Tebedos' interests in the property.  A partial sale of the property would be impractical and severely devalue the property even if a purchaser could be found who was willing to share the property with Mrs.

---

[9]  There is further evidence that Mr. Tebedo has withdrawn money from Western Roofing's bank account which he gives to Mrs. Tebedo, who then deposits that money in her individual bank account from which she pays household expenses.  (***See* Motion App.**, Exh 15 at 22-23; Exh. 16 at 2, 11-15; Exh. 18 at 7-11, Exh. 20.)

Tebedo.  **See id.**, 103 S.Ct. at 2151[10]; **United States v. Kimmell**, 2010 WL 1240579 at *3 (D. Colo. March 22, 2010).  By contrast, Mrs. Tebedo has not suggested she would be prejudiced by the sale, and she will be compensated for her interest in the property proportionately.  **Kimmell**, 2010 WL 1240579 at *3.  Nor is it patently unfair to order a forced sale where the parties' interests in the property subject to the lien are equal, as here.  **Id.**  Mrs. Tebedo's homestead interest in the property does not prevent the sale either.  **Id.**, 2016 WL 1240579 at *2; **Morgan**, 554 F.Supp. at 587-88.[11]

Accordingly, the motion for summary judgment is granted.  The government is entitled to judgment against Kevin Tebedo for unpaid federal income tax liabilities for the years 2007 to 2012 and is entitled further to foreclose federal tax liens against the real property located at 1119 Fosdick Drive, Colorado Springs, CO 80909.

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **United States' Motion for Summary Judgment Against Kevin and Loretta Tebedo** [#106], filed September 1, 2020, is granted;

---

[10] The Court in **Rodgers** noted that prejudice to the government might be less if "the separate market value of the partial interest is likely to be equal to or greater than its value as a fraction of the total value of the entire property" and thus suggested the degree of prejudice could be measured on a sliding scale: "Simply put, the higher the expected market price, the less the prejudice, and the less weighty the Government's interest in going ahead with a sale of the entire property."  **Rodgers**, 103 S. Ct. at 2151.  In this case, that calculus clearly points to a finding of prejudice to the government from a partial sale, as the estimated market value of the Tebedos' home is but a tiny fraction of the tax liabilities Mr. Tebedo owes.  (**See** https://www.zillow.com/homedetails/1119-Fosdick-Dr-Colorado-Springs-CO-80909/13612508_zpid/) (last accessed:  November 30, 2020).

[11] "Homestead laws not creating a present property interest but rather conferring privileges and exemptions are subordinate to the federal tax liens."  **United States v. Hershberger**, 475 F.2d 677, 682 (10th Cir. 1973).  Under the Colorado homestead statute, §38-41-201, C.R.S., homestead rights are characterized as an exemption, not an interest in land, **see Morgan**, 554 F.Supp. at 588.  Ergo, they do not prevent the imposition of a federal tax lien against the entirety of property.  **See Kimmell**, 2010 WL 1240579 at *2; **Morgan**, 554 F.Supp. at 588.

      2. That judgment shall enter in favor of the United States and against defendant, Kevin D. Tebedo, for unpaid federal income tax liabilities for the years 2007 to 2012 in the amount of $4,140,369.67 as of September 1, 2020, plus interest and other statutory additions accruing thereafter pursuant to 28 U.S.C. § 1961(c) and 26 U.S.C. §§ 6621 and 6622;

      3. That the United States has valid and subsisting federal tax liens on all property and rights to property belonging to Kevin Tebedo, whether real or personal, wherever located, and whether presently held or acquired in the future, including Kevin Tebedo's undivided one-half interest in property located at 1119 Fosdick Drive, Colorado Springs, El Paso County, Colorado 80909;

      4. That Loretta Tebedo holds title to Kevin Tebedo's undivided one-half interest in the in property located at 1119 Fosdick Drive, Colorado Springs, El Paso County, Colorado 80909, as Kevin Tebedo's nominee, and no interest of Loretta Tebedo prevents the sale of the property in its entirety;

      5. That the United States is entitled to foreclose its federal tax liens on the property located at 1119 Fosdick Drive, Colorado Springs, El Paso County, Colorado 80909 pursuant to 26 U.S.C. § 7403 and 28 U.S.C. § 2001, with an appropriate portion of the proceeds going to the United States for application toward the unpaid federal tax liabilities of Kevin Tebedo;

      6. That pursuant to the **Stipulation Regarding Lien Priority** [#14], filed May 3, 2019, El Paso County, Colorado, has first priority liens on the property located at 1119 Fosdick Drive, Colorado Springs, El Paso County, Colorado 80909 to the extent of any real property tax liens entitled to priority under 26 U.S.C. § 6323(b)(6), and the United

States has second priority liens for the outstanding tax liabilities of Kevin D. Tebedo for the years 2007 to 2012, *see* 26 U.S.C. § 7403(c);

7. That due to the ongoing COVID-19 pandemic, foreclosure of the property located at 1119 Fosdick Drive, Colorado Springs, El Paso county, Colorado 80909 is stayed for ninety (90) days from the date of this Order; provided further that within this period, the United States shall either seek an order of sale or file a status report explaining why a sale should be postponed further;

8. That the combined Final Pretrial Conference and Trial Preparation Conference scheduled for January 13, 2021, at 1:00 p.m. is vacated;

9. That the bench trial scheduled to commence January 19, 2021, is vacated; and

10. That the government is awarded its costs, to be taxed by the clerk pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated November 30, 2020, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge